Opinion of the Court.
Richard West» iu the character of administrator of Jonathan West, brought his-action of debt in the court below, against William Kerley, as executor of James Hendricks, and set out and made proferí of a single, bill, or note under seal, for the sum of one hundred and twenty dollars, executed by the testator of the latter to the,intestate of the former.* Kerley pleaded, first, a non est factum, or that the instrument declared, on wás not the act and deed of his testator; and secondly, that be had fully administered all and singular- the goods and chattels which were of the said testator at the time of his death, and which had come to his hands to be administered, and that he had not then, or on the day of issuing the original writ, sufficient goods and chattels.of his testator, to pay the debt or any part thereof.' To., this last plea, a replication was filed, traversing its allegations and forming an issue, and a joinder in ' issue was filed by Kerley, and a similar joinder by West, to the first plea of Kerley. At a subsequent term the cause was tried. On the trial, after the plaintiff below had given in his evidence, the defendant then moved, that, the court should instruct the jury, that they should.find as in case of a nonsuit. This motion was overruled. The defendant below then gave some evidence, and the jury found a verdict for the plaintiff, and also that the defendant had not fully administered, but had assets in his hands to the value of one thousand dollars. The defendant then moved for a new trial, which that court overruled; and the defendant below excepted to these opinions and spread the evidence upon the record, and a judgment wag rendered against him, and he has brought the cause before this court by writ of error,. and by his assignment of'error, insists that these decisions were erroneous..
The bill of exceptions states that the plaintiff below read in evidence an order of the county court of Madison, made at the April term 1814, granting, e>n complying with the usual requisites, letters of administration to the plaintiff below, on the estate ofhis son, the - intestate, Jonathan West; and also proved by a witness-, that at the death of the intestate, he, said intestate, had removed with his family and effects out of the state of Kentucky, and the witness believed that said intestate. Was residing in the then territory of' Missouri, at hf5f *364 death, though the witness had never seen him there. and that the testator of the defendant died in the county ofEstill, in this state, after the death of the intestate of the plaintitf below. The bill of exceptions then proceeds thus: “Here plaintiff’s evidence closed, whereupon defendant moved the court to instruct the jury as in case of a nonsuit, which motion the court overruled.” ■
Where ispe ed oí the°1J1" plea of non est factum, ti^offter^no1" evidence to prove the ex-eoution of ment on** which the sujt is jury outfit to be'instructed to find for the defbndant.
Whero, in a by anadmiu-istrator on a bond given'to tboroníatate’ pior. of ñon est mvturn, tra <1-"a'n-nt be requlre-l to ■■i'o 'uco lime; tors rjr.
1. We conceive the propriety of giving this instruc-üon so palpable, according to the statement of the ev^ence given by the plaintiff below to support his side °f the issue, that we should be tempted to believe that there was some mistake made in this exception, and that ^ ^ n®t recite all the evidence given by the plaintiff below, if the same bill of exceptions did not proceed af-terwards to state the evidence on both sides, and then conclude with the averment that “this was all the evidence in the cause on either sidebeing the same writing which includes an exception to the opinion of the court refusing to grant a new trial, as well as other P°ints> We have said the propriety of the instruction was palpable; because, to support the issue of non est factum, the affirmative of which lay on the plaintiff be-]ow? pe gave n0i evidence to prove the execution of the note; or even the note itself; all which formed’the very gist of the issue. The instruction ought therefore to have been given without hesitation.
2. From some part of the record, as well as the assignment of errors, it would seem that the right of the 9ount.y court of Madison to grant the letters of administration to the plaintiff below, was intended to he tried on this motion; because the intestate of the plain- ^ bMow resided in Missouri, before and at his death, and the debt was due from the testator of the defendant below in Estill county, and there was no evidence of S00^ or debts belonging to the intestate in Madison county. We see no propriety in making or deciding this question on the issue joined. . The plaintiff below by the plea of non est factum could not be required to produce ins leilers oí administration. 1 he execution of the deed by the testator of the defendant, was all that was necessary, Peake 343.
3. One other question on the admission of evidence was made, which may again occur, and therefore ought to be notice d, After the plaintiff'below bad proved that *365 personal estate came to the bands of the defendant and was sold by him to a considerable amount, the defen-Sant then offered in evidence a decree in favor of a stran-gei’tothis controversy, against his testator, for a greater amount than the personal assets. The court reject-éd this decréé, and we conceive properly. It is a general rule, that an executor is bound to plead specially évéry debt or demand of greater dignity, belonging to others, to protect the assets in his hands, and cannot give them in evidence under the plea ol'plene admirds-travit. Buller’s Ni. Pri. 141.
The exis- , *™oe oifEb,-s dignity, cannot be given piea. of plene administra-vit ally pi cadi ed.
The judgment, for the other reasons assigned, must be reversed, and the verdict set aside with costs, and the cause be remanded for new proceedings not inconsis-tenf with this opinion.